IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2008 DEC 30 A 11: 04

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | 2:08cv1025-MEF |
| ALABAMA DEPARTMENT OF ) | |
| MENTAL HEALTH AND MENTAL ) | |
| RETARDATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT

Plaintiff, United States of America ("United States"), by the undersigned attorneys, makes the following averments:

1. This is a civil action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 - 4333 ("USERRA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 38 U.S.C. § 4323(b).

3. Venue is proper in this district under 38 U.S.C. § 4323(c)(1) and 28 U.S.C. § 1391(b). Defendant, Department of Mental Health and Mental Retardation of the State of Alabama ("DMHMR"), is an agency of the State that maintains a place of business in this judicial district. Additionally, a substantial part of the events giving rise to the claim occurred in this district.

## **CLAIM FOR RELIEF**

4.  In 1988, Roy Hamilton ("Hamilton") was employed as a custodian by DMHMR at the J.S. Tarwater Developmental Center ("Tarwater").

5.  In 2001, Hamilton was promoted to the position of medical assistant at Tarwater.

6.  Hamilton has served in the United States Army National Guard ("National Guard") for 28 years as a Support Specialist Non-Commissioned Officer (E-5) with the Military Police in Prattville, Alabama. Hamilton retired from the National Guard in April 2005.

7.  In September 2003, the National Guard notified Hamilton that his unit would be deployed to Iraq toward the end of 2003 or in early January 2004. Hamilton immediately notified his supervisor at Tarwater, Michael Lackey ("Lackey"). Hamilton also notified Doretta Strength ("Strength"), a DMHMR human resource officer at Tarwater.

8.  On or about December 23, 2003, Hamilton received his active duty orders; and on the same day he provided a copy of his orders to Lackey.

9.  During the same time frame that Hamilton notified DMHMR of his impending military leave, DMHMR announced that it would be closing Tarwater and giving employees at Tarwater the option of transferring to another facility, or DMHMR finding them other opportunities with DMHMR as they became available.

10.  Hamilton declined the transfer due to his activation orders.

11.  Hamilton was deployed to Iraq on January 2, 2004.

12.  On or about April 11, 2005, Hamilton completed his military duty and received an honorable discharge.

13. On or about April 18, 2005, Hamilton applied for reemployment with DMHMR, but was told that DMHMR had no record of Hamilton's prior employment.

14. After several months of following up with DMHMR to no avail, Hamilton found alternative employment. However, he continued to apply for new openings with DMHMR until he was eventually rehired as a new employee on August 16, 2007.

15. Hamilton filed a complaint under USERRA with the United States Department of Labor on February 6, 2008.

16. The United States Department of Labor's Veterans' Employment and Training Service ("VETS") conducted an investigation, and found that Hamilton's claim had merit.

17. DMHMR has violated Sections 4312 and 4313 of USERRA by, among other ways, failing to promptly reemploy Hamilton upon his return from active service to either the position he would have held had his employment not been interrupted by his military service, or a position of like seniority, status, and pay.

18. Because of DMHMR's conduct, Hamilton has suffered monetary damages, including lost benefits, in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, the United States prays that the Court enter judgment against DMHMR as follows:

A. Declare that DMHMR's failure to promptly reemploy Hamilton following his active duty service with the National Guard was unlawful and in violation of USERRA;

B.  Order DMHMR to fully comply with the provisions of USERRA, and pay Hamilton for lost earnings and benefits suffered by reason of DMHMR's failure or refusal to comply with USERRA;

C.  Order DMHMR to fully comply with the provisions of USERRA and place Hamilton at the appropriate seniority, status and compensation that he would have attained had he remained employed continuously with the DMHMR until the present, including during the time of his active duty service in the National Guard;

D.  Enjoin DMHMR from failing to comply in the future with all provisions of USERRA; and

E.  Grant such other and further relief as may be just and proper together with the costs and disbursements of this lawsuit.

Date:

Respectfully submitted,

GRACE CHUNG BECKER
Acting Assistant Attorney General
Civil Rights Division

BY: _____
JOHN M. GADZICHOWSKI
(WI Bar No. 1014294)
Chief
Employment Litigation Section

*[signature]*
*[signature]*

ESTHER G. LANDER
(DC Bar No. 461316)
Deputy Chief
ANTOINETTE BARKSDALE
(DC Bar No. 433201)
Attorney
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, NW
Patrick Henry Building, Room 4032
Washington, DC  20530
Telephone:  (202) 307-6012
Facsimile:   (202) 514-1005
Email: Antoinette.Barksdale@usdoj.gov

LEURA G. CANARY
United States Attorney


Attorneys for Plaintiff United States