IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-cv-1025-MEF |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| MENTAL HEALTH AND MENTAL | ) | (WO) |
| RETARDATION, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## MEMORANDUM OPINION AND ORDER

The United States of America ("the United States") brings suit against the Alabama Department of Mental Health and Mental Retardation ("the Department") for alleged violations of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301-4333 ("USERRA"). The cause is before the Court on the Defendant's Motion to Dismiss or Alternative Motion for Judgment on the Pleadings (Doc. # 17) and Plaintiff United States' Motion for Partial Summary Judgment (Doc. # 15). Both motions address the issue of whether certain of the Department's asserted affirmative defenses are valid. For the reasons set forth below, the Defendant's motion is due to be DENIED and the Plaintiff's motion is due to be GRANTED.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this action pursuant to 38 U.S.C. § 4323(b). There is no dispute as to the Department being subject to personal jurisdiction. Venue is proper in the Court pursuant to 38 U.S.C. §4323(c)(1) and 28 U.S.C. § 1391(b).

## **PROCEDURAL HISTORY**

On December 30, 2008, the United States filed this civil action against the Department. The United States alleges that the Department violated USERRA by failing to promptly reemploy a longtime Department employee named Roy Hamilton ("Hamilton") after he returned from active military service in Iraq. The United States seeks declaratory relief, injunctive relief which would require the Department to comply with all provisions of USERRA and to compensate Hamilton for lost earnings and benefits. The United States also seeks injunctive relief which would return Hamilton to the seniority, status and compensation he would have attained had he remained continuously employed with the Department until the present including during the time of his active duty service. Finally, the United States seeks to enjoin the Department from future violations of USERRA.

On January 29, 2009, the Department filed its Answer (Doc. # 8). In this Answer, the Department asserted a number of "affirmative defenses." Those defenses included: a contention that the Eleventh Amendment bars this action, a contention that comity, "our federalism, or a variety of abstention doctrines bar this action, and an assertion that the *Mt. Healthy* defense is applicable. On June 5, 2009, the United States filed its motion for partial summary judgment. By this motion, the United States contends that as a matter of law the affirmative defenses relating to the Eleventh Amendment, comity, federalism, and various types of abstention are inapplicable to this action. The United States further contends that the *Mt. Healthy* defense is inapplicable as a matter of law.

On June 5, 2009, the Department filed a motion seeking dismissal pursuant to Federal

Rule of Civil Procedure 12(b)(1) and 12(b)(6). Alternatively, the Department sought judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Like the motion from the United States, the Department's motions address the affirmative defenses relating to the Eleventh Amendment, comity, federalism, and various types of abstention. On June 5, 2009, the Department filed a separate motion for summary judgment predicated on different grounds. The Court will address that motion by a separate opinion.

## APPLICABLE LEGAL STANDARDS

While these motions before the Court all address substantially the same legal issues, the applicable legal standards vary because of the differing natures of the motions. Each of these standards is discussed below.

A Rule 12(b)(1) motion attacks the court's subject matter jurisdiction to entertain an action. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. Prior to the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007), a motion to dismiss could only be granted if a plaintiff could prove "no set of facts . . . which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986). Now, in order to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. While the factual allegations of a complaint need not be detailed, a plaintiff must nevertheless "provide the 'grounds' of his 'entitlement to relief' and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. A

3

plaintiff's "[f]actual allegations must be enough to raise a right to relief above a speculative level on the assumption that the allegations in the complaint are true." *Id*. It is not sufficient that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 1968 (internal quotation and alteration omitted). In considering a defendant's motion to dismiss, a district court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the plaintiff. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). *Accord, Nelson v. Campbell*, 541 U.S. 637, 640 (2004) (where a court is considering dismissal of a complaint at the pleading stage, it must assume the allegations of the complaint are true).

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the Department's motion for judgment on the pleadings requests dismissal of the Government's complaint. In deciding a Rule 12(c) motion for judgment on the pleadings, a Court may consider only the pleadings, in this case the Complaint and Answer. *See* Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards as a motion to dismiss under Rule 12(b)(6). The main difference between the motions is that a motion for judgment on the pleadings is made after an answer and that answer may also be considered in deciding the motion. "[T]he fact allegations of the complaint are to be taken as true, but those of the answer are taken as true only where and to the extent that they have not been denied or do not conflict with those of the complaint." *Stanton v. Larsh*, 239 F.2d

104, 106 (5th Cir. 1956)[1]; *Bass v. Hoagland*, 172 F.2d 205, 207 (5th Cir.), *cert. denied*, 338 U.S. 816 (1949). In order to prevail, a motion for judgment on the pleadings "must be based on the undisputed facts appearing in all the pleadings." *Stanton*, 239 F.2d at 106. Furthermore, the Court is obliged to scrutinize the complaint, construed in plaintiff's favor, and to allow it to stand if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Thus, judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Mergens v. Dreyfoos,* 166 F.3d 1114, 1116-17 (11th Cir. 1999).

Federal Rule of Civil Procedure 12(d) plainly provides that when a party presents matters outside of the pleadings in a motion brought pursuant to Rule 12(c), the motion must be treated as one for summary judgment pursuant to Rule 56 unless the Court excludes those matters outside the pleadings. Fed. R. Civ. P. 12(d). A court inclined to consider materials outside the pleadings presented by a motion pursuant to Rule 12(c) must give the parties a reasonable opportunity to present all materials pertinent to the motion. *Id.* In this case, the Court will exercise its discretion to exclude the materials presented or cited in the Department's motion which are not found in the pleadings.

Unlike the motions from the Department, the United States' motion is predicated on

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

Federal Rule of Civil Procedure 56 which tests the sufficiency of a claim or defense on the basis of a submitted evidentiary record as opposed to on the allegations of the pleadings. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). According to the Supreme Court, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (quotation omitted). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

After the movant satisfies this requirement, the burden shifts to "the adverse party [who] must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 250 (quotation omitted). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."

6

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The Eleventh Circuit Court of Appeals has held that "[a]ll reasonable inferences arising from the undisputed facts should be made in favor of the nonmovant, but an inference based on speculation and conjecture is not reasonable." *Blackston v. Shook & Fletcher Insulation Co.,* 764 F.2d 1480, 1482 (11th Cir. 1985) (citation omitted).

## DISCUSSION

**A. The Department's Motion Pursuant to Rule 12(b) is Untimely.**

Rule 12(b) requires a defendant to make a motion pursuant to 12(b)(1) or 12(b)(6) prior to filing a responsive pleading. Specifically, it states that "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Here, the Department filed its answer long before filing its motions pursuant to Rule 12(b)(1) or Rule 12(b)(6). As a result the motion is due to be DENIED as untimely to the extent that it seeks to rely upon Rule 12(b)(1) or Rule 12(b)(6).

**B.     Neither Alabama's Sovereign Immunity, Nor the Eleventh Amendment, Bars This Action Brought by the Federal Government to Enforce a Federal Statute.**

The Department contends that USERRA is not enforceable against states acting as employers because Alabama's sovereign immunity and the Eleventh Amendment shields it from suit in federal court. The Eleventh Amendment to the United States Constitution provides that

> [t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, *commenced or prosecuted against one of the United States by citizens of another state or by citizens or subjects of any foreign state*.

7

U.S. Const. amend. XI (emphasis added). The plain text of this provision does nothing to prohibit the United States from bringing suit against a state. It is well-settled that states are subject to suit by the United States. *See, e.g., United States v. Mississippi*, 380 U.S. 128 (1965); *Monaco v. Mississippi*, 292 U.S. 313, 329 (1934); *EEOC v. Bd. of Supervisors for the Univ. of. La. Sys.*, 559 F.3d 270, 272 (5th Cir. 2009); *Chao v. Va. Dep't of Transp.*, 291 F.3d 276, 280 (4th Cir. 2002). States, in ratifying the Constitution, did surrender a portion of their inherent immunity by consenting to suits brought by sister States or by the Federal Government. *See, e.g., Alden v. Maine*, 527 U.S. 706, 755 (1999). Indeed, one of the very cases on which the Department relies for its contention that the Eleventh Circuit bars this action, in fact, recognizes that the "Federal Government can bring suit in federal court against a State" in order to ensure its "compliance with federal law." *Seminole Tribe of Fla. v. Fla.*, 517 U.S. at 44, 71 n.14 (1996) (holding that Congress lacked authority under Article I of the Constitution to abrogate the states' Eleventh Amendment immunity from suit by private parties without the states' consent).

> More specifically, USERRA itself contemplates the filing of this very type of action. If the Attorney General is reasonably satisfied that the person on whose behalf the complaint is referred is entitled to the rights or benefits sought, the Attorney General may appear on behalf of ...the person on whose behalf the complaint is submitted and commence an action for relief under this chapter for such person. *In the case of such an action against a State (as an employer), the action shall be brought in the name of the United States as the plaintiff in the action.*

38 U.S.C. § 4323(a) (emphasis added).

The Department argues that the United States is not acting here to protect its interests

and that the real party in interest is Hamilton. The Court cannot agree. The United States has a clear interest in protecting the employment rights of members of its armed services[2] upon them return from deployment because these rights are key in promoting enlistment. Additionally, the United States has a real and substantial interest in insuring compliance with its laws generally as well as with USERRA specifically.

Simply put, there is no merit to the Department's contention that sovereign immunity or the Eleventh Amendment shield it from this suit. To the extent that the Department seeks judgment on the pleadings on this basis, its motion is due to be DENIED. To the extent that the United States seeks judgment as a matter of law on the inapplicability of this defense, its motion is due to be GRANTED.

**C. Abstention Doctrine Does Not Bar This Action**

Asserting nearly every variety of abstention recognized by law, the Department asks this Court to reject the United States' suit. Unfortunately, the Department is unable to articulate how these doctrines could conceivably apply in this context. The invoked doctrines seek to prevent federal courts from meddling in pending state court criminal prosecutions, duplicating the efforts of a parallel state court action, interfering in state administrative proceedings, or tackling difficult questions of state law. It borders on the ridiculous to suggest such concerns are present in this case. Comity presents no bar. This is not a case of the federal government seeking to interfere with a state's ability to perform its separate

---

[2] Without question members of the National Guard and the Reserve play a vital role in this nation's armed forces.

functions. There is no appropriate legal grounds for abstention in this case. To the extent that the Department's motion was based on such a contention, it is due to be DENIED.

**D. The *Mt. Healthy* Defense Is Inapplicable As A Matter of Law.**

In its partial motion for summary judgment, the United States also seeks judgment as a matter of law on one of the other affirmative defenses which the Department has asserted: the *Mt. Healthy* defense. In its brief, the United States cogently explains why this defense fails as a matter of law. The Department concedes that absent an allegation of intentional discrimination this defense is not necessary. Accordingly, the United States' motion is due to be granted as to this affirmative defense as well.

**CONCLUSION**

For the foregoing reasons, it is hereby ORDERED as follows:

1. The Defendant's Motion to Dismiss or Alternative Motion for Judgment on the Pleadings (Doc. # 17) is DENIED.

2. The Plaintiff United States' Motion for Partial Summary Judgment (Doc. # 15) is GRANTED.

DONE this the 9th day of February, 2010.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE