# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | CASE NO. 2:08-cv-1025-MEF |
| **ALABAMA DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION,** | (WO) |
| Defendant. | |

## ORDER

This matter is before the Court for entry of injunctive relief in accordance with the Court's Memorandum Opinion and Order (Doc. #80) entered on July 27, 2010. This Court has previously found that Defendant Alabama Department of Mental Health and Mental Retardation ("ADMH") violated the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301, *et seq*. ("USERRA"). It also found that Plaintiff United States of America ("United States") is entitled to injunctive relief against ADMH, including amendments to ADMH's policies and procedures, because such relief is necessary to ensure the Department's future compliance with USERRA and mandatory training for all ADMH managers and personnel officials. At this juncture, the Court has carefully considered the submissions of the parties on the issue of the scope of the injunctive relief and is ready to announce the specifics of the injunctive relief. Accordingly, it is hereby ORDERED as follows:

### REVISION AND DISSEMINATION OF ADMH
### MILITARY REEMPLOYMENT POLICIES

1. Within forty-five (45) days from the date of entry of this Order, ADMH shall review and

revise all policies and procedures applicable to ADMH employees to ensure that they are consistent with USERRA and, at a minimum, include the following provisions:

    a. an employee may give verbal <u>or</u> written notice of uniformed service requiring absence from employment;

    b. an employee's notice of uniformed service may be given to a supervisor in the employee's rating chain or an ADMH personnel official;

    c. a person is not required to decide or to tell ADMH in advance of leaving employment for uniformed service whether he or she will seek reemployment after completing that service;

    d. a person is not required to remain an employee of ADMH during his or her uniformed service in order to qualify for reemployment rights under USERRA; and

    e. a person who has given notice to ADMH of his or her uniformed service, and whose service exceeds thirty (30) days, may report to or apply for reemployment with ADMH verbally <u>or</u> in writing.

2. Within thirty (30) days from the date of entry of this Order, ADMH shall designate a person or persons who shall have responsibility for ensuring that the revised policies and procedures set forth in this section are incorporated and fully implemented.

3. Within fifty (50) days after the date of entry of this Order, ADMH shall submit the revised policies and procedures to the United States for review, comment, and approval.

4. Within ten (10) days of the United States' approval of the revised policies and procedures, ADMH shall implement the revised policies and procedures.

5. Within thirty (30) days from the date of approval of the revised policies and procedures

from the United States, ADMH shall disseminate copies of the revised policies and procedures to all ADMH employees, managers, and personnel officials, and post the revised policies and procedures in all places used for posting general information to employees, including any internet or intranet sites used for that purpose.

6. Within ten (10) days of the distribution and posting of the revised policies and procedures above, ADMH shall provide the United States with written verification that the distribution and posting have been completed.

7. ADMH shall ensure that each new ADMH employee hired after the date of the approval of the revised policies and procedures receives a copy of the revised policies and procedures at the time of the new employee's hire.

## TRAINING

8. No later than one-hundred and twenty (120) days after the date of entry of this Order, ADMH shall provide, at its own cost, mandatory training regarding the reemployment requirements set forth in USERRA and its implementing regulations, as well as the revised policies and procedures described in Paragraph 1, to all supervisory employees and personnel officials.

9. ADMH will select, with the concurrence of the United States, a qualified individual or group of individuals to conduct the training outlined in this section.

10. Within thirty (30) days from the date of approval of the revised policies and procedures from the United States, ADMH shall submit a proposed training program, including any materials to be distributed, to the United States for review, comment, and approval. The United States shall have fourteen (14) days to submit its comments to ADMH.

11. All persons who undergo training described in this section shall sign an acknowledgment

of attendance at the training. Within thirty (30) days of the conclusion of ADMH's mandatory training obligation, as described in Paragraph 8, ADMH shall provide the United States with written confirmation that all supervisory employees and personnel officials attended the training. ADMH will keep on file all signed acknowledgments for a period of two (2) years.

12. Within thirty (30) days from the date of entry of this Order, ADMH shall designate a person or persons who shall have responsibility for ensuring that the training set forth in this section is created, approved by the United States, and fully executed.

## NON-RETALIATION

13. ADMH, its agents, and all individuals in active concert or participation with ADMH are enjoined from taking any action against any person, including but not limited to Hamilton, that constitutes retaliation or interference with the exercise of such person's rights under USERRA because such person gave testimony or assistance or participated in any manner in any investigation or proceeding in connection with this case.

## DISPUTE RESOLUTION AND COMPLIANCE

14. The Court shall retain jurisdiction and shall have all available equitable powers, including injunctive relief, to enforce this Order. Upon motion of either party, the Court may schedule a hearing for the purpose of reviewing compliance with this Order. The parties shall engage in good faith efforts to resolve any dispute concerning compliance prior to seeking review by the Court. The parties shall be required to give written notice to each other ten (10) business days before moving for review by the Court. All parties may conduct expedited discovery under the Federal Rules of Civil Procedure for the purpose of determining compliance with this Order or defending against a claim of non-compliance.

15.  The Court and the United States may review compliance with this Order at any time. As part of that review, ADMH shall provide copies of any documents relevant to its compliance with this Order upon the request of the Court and/or the United States.

## **DURATION OF ORDER**

16.  This Order shall expire without further order of this Court two (2) years from the date of entry, provided ADMH has complied with its requirements. The United States may move, for good cause, to extend the Order. The Order will not be extended, however, unless the Court grants the United States' motion.

DONE this the 3rd day of November, 2010.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE